IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES DEPARTMENT OF THE TREASURY, | : : | CIVIL ACTION |
| Plaintiff, | : : | |
| DUANE L. BERRY, | : | |
| Relator, | : : | |
| v. | : : | |
| SEIZED FEDERAL SECURITIES, | : | CIVIL ACTION NO. |
| Defendant. | : | 1:21-CV-00717-CAP-CCB |

**ORDER AND FINAL REPORT AND RECOMMENDATION**

Relator Duane L. Berry, a civil detainee at the Federal Medical Center in Butner, North Carolina,[1] filed a civil action seeking the forfeiture of tax returns and other financial documents allegedly obtained by various media outlets during a tax fraud investigation against former President Donald J. Trump. (Doc. 1.)[2] Relator has not paid the $350.00 filing and $52.00 administrative fees required

---

[1] Relator appears to have been civilly committed to the facility after he was found not competent to stand trial for certain criminal charges. *See Berry v. United States*, No. 2:17-cv-11361-SJM-DRG, Doc. 8 (E.D. Mich. May 18, 2017). Thus, Relator is not a prisoner under the Prison Litigation Reform Act (PLRA). *See Troville v. Venz*, 303 F.3d 1256, 1260 (11th Cir. 2002) (holding that the PLRA does not apply to civil detainees because "the PLRA's straightforward definition of 'prisoner'…appl[ies] only to persons incarcerated as punishment for a criminal conviction").

[2] On March 19, 2021, Relator filed a notice of appeal in this case. (Doc. 9).

for civil actions or submitted an application for leave to proceed in forma pauperis. Nevertheless, for the purpose of dismissal only, Relator is **GRANTED** leave to proceed in forma pauperis.

This matter is before the Court for initial screening pursuant to 28 U.S.C. § 1915(e)(2). For the reasons stated below, it is **RECOMMENDED** that Relator's motion to correct caption and jurisdiction, (Doc. 7), be **DENIED AS MOOT** and this action be **DISMISSED** as frivolous.

I. **DISCUSSION**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), a federal court is required to conduct an initial screening of a complaint filed by a person proceeding in forma pauperis to determine whether the action is (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.

A claim is frivolous, and must be dismissed, when it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008)

---

The only orders entered prior to that date relate to this Court's General Order 20-01, regarding court operations in light of the COVID-19 pandemic. (Docs. 2, 5). Neither of those orders is a final, appealable order, and Relator's appeal therefore does not deprive this Court of jurisdiction. *See United States v. Kapelushnik*, 306 F.3d 1090, 1094 (11th Cir. 2002) ("Our precedent holds that a premature notice of appeal does not divest the district court of jurisdiction over the case."), *abrogation on other grounds recognized by United States v. Manrique*, 618 F. App'x 579, 582–83 (11th Cir. 2015).

(internal quotation marks omitted). Thus, a claim based on an "indisputably meritless legal theory" is subject to dismissal. *Id.* (internal quotation marks omitted). Furthermore, although a court must generally accept a well-pleaded allegation as true, § 1915(e)(2)(B) grants a court "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Id.* (internal quotation marks omitted). As a result, "wildly implausible allegations in the complaint should not be taken to be true," but a court should be careful not to penalize a pro se litigant for "linguistic imprecision in the more plausible allegations." *Id.*

Relator's complaint is somewhat incoherent, but it appears that Relator, variously purporting to act as a federal trustee on behalf of the Department of the Treasury or as counsel for the Department of Justice, alleges that the media, former President Trump, and other conspirators acquired "millions of un-redacted classified tax returns and other sensitive financial data, bank records and accounts of banking and tax transactions of several million" Americans and federal government agencies. (Doc. 1 at 1, 3.) Relator claims that, in the interest of national security, these "seized federal securities" should be forfeited to the United States. (*Id.* at 4-5.) Relator has attached to his complaint numerous receipts appearing to show boxes weighing approximately 45 pounds each that were shipped to various media outlets, including CNN, the New York Times, and the

Washington Post. (*Id.* at 8.) He also includes an IRS "Information Referral" form in which he claimed that former President Trump, a "dangerous" taxpayer involved in "[o]rganized [c]rime," committed "Major Fraud Against the United States." (*Id.* at 11.)

Under even the most liberal reading of Relator's complaint, the Court is unable to discern any cognizable claim. Indeed, Relator's allegations, which are "fantastic" or "delusional" in nature, *see Neitzke v. Williams*, 490 U.S. 319, 328 (1989), are not merely improbable, but instead "rise to the level of the irrational or the wholly incredible," *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Relator is in federal detention, and there is simply nothing indicating that he has any authorization to act on behalf of the United States. Ultimately, Plaintiff's "wildly implausible" and "clearly baseless" claims, *Miller*, 541 F.3d at 1100 (internal quotation marks omitted), are nothing short of frivolous.[3]

---

[3] Relator has filed numerous lawsuits across the country, many with more than passing similarity to the instant case, that have been dismissed as frivolous or for failure to state a claim. *See, e.g.*, *U.S. Dep't of the Treasury v. Seized Fed. Sec.*, No. 3:21-cv-00393-D-BN, Doc. 3 (N.D. Tex. Feb. 26, 2021), *report and recommendation adopted*, Doc. 9 (N.D. Tex. March 25, 2021); *Berry, et al. v. Powers*, No. 3:20-cv-02034-E-BK, Doc. 6 (N.D. Tex. Aug. 25, 2020) (frivolous), *report and recommendation adopted*, Doc. 9 (N.D. Tex. Sept. 9, 2020); *Bridgewater Cap. Tr., et al. v. Bank of Am.*, No. 4:18-cv-11378-LVP-EAS, Doc. 8 (E.D. Mich. May 24, 2018) (frivolous); *Berry v. United States*, No. 5:17-cv-00331-R, Doc. 7 (W.D. Okla. July 11, 2017) (frivolous); *Berry v. United States*, No. 2:17-cv-11361-SJM-DRG, Doc. 8 (E.D. Mich. May 18, 2017) (frivolous); *Berry v. Bridgewater Cap.*, No. 3:17-cv-00013-GCM, Doc. 11 (W.D.N.C. Feb. 8, 2017) (frivolous); *Berry v. Lynch*, No. 1:16-cv-00982-UNA,

## II.   CONCLUSION

For the reasons stated above, it is **ORDERED** that Relator be **GRANTED** leave to proceed in forma pauperis for the purpose of dismissal only, and it is **RECOMMENDED** that Relator's motion to correct caption and jurisdiction, (Doc. 7), be **DENIED AS MOOT** and this action be **DISMISSED** as frivolous.

The Clerk is **DIRECTED** to terminate the referral to the undersigned.

**IT IS SO ORDERED AND RECOMMENDED**, this 5th day of April, 2021.

_____
CHRISTOPHER C. BLY
UNITED STATES MAGISTRATE JUDGE

---

Docs. 3-4 (D.D.C. May 24, 2016) (failure to state a claim); *see also Bilal v. Driver*, 251 F.3d 1346, 1350 (11th Cir. 2001) ("On the question of frivolousness, a litigant's history of bringing unmeritorious litigation can be considered.").